Please all rise. Here he is, here he is, here he is, His Honorable Appellate Court to the 2nd Judicial District is now back in session pursuant to adjournment. The Honorable Donald Siegel, please be seated. Thank you. Good morning. Please be seated. Mr. Marshall, please call the next case of the morning. This is Order No. 2-15-059A of the Court of Appeal of the State of New England. This is to conclude the Atonement of the Defendant Appellate. I move on behalf of the Defendant Appellate, Mr. Frederick P. Hamill. I move on behalf of the Defendant Appellate, Mr. Alex Trebek. Great, thank you. Mr. Hamill, on behalf of the Appellate, you may proceed. Good morning, Your Honors. My name is Frederick Hamill and I represent the Defendant Appellate, Mr. Thomas Albea. May it please the Court, counsel. Your Honors, the issue in this case is whether the trial judge abuses discretion when he refutes to honor the Defendant's repeated request to proceed pro se. Can I ask you a question? Which part of the plain error rule are you proceeding under? The second part. And that would be because the right to proceed pro se is a fundamental right akin to the right to counsel and akin to the right to the choice of counsel. And what case authority are you relying on? What case, U.S. Supreme Court or otherwise, actually says that? I'm sorry? What authority are you relying on? I'm relying on, well, chronic would be the, is the right to counsel. And my argument is simply that this right is akin to, under Ferretta, this right is akin to that right. And it is exactly. So you're arguing, your argument is it's a logical extension of that. Correct. But there is no case authority that actually says that. Is that right? I'm not aware of any other case that says that this right is a fundamental right under the second part. I'm not aware of any case that says it's not. What about the United States Supreme Court case? I mean, in the federal system they talk about, they use the term structural error. Correct. Error so serious that it undermines the entire fairness of the proceeding. Is there a United States Supreme Court case analogous to this that says the failure to allow a person to proceed pro se is, in fact, structural error? Can you call our attention to such a case? There actually is. And I apologize, I actually have it sitting there. There is? We'd like to hear it. Yes, absolutely. Thank you. The case is McCaskill v. Wiggins. Counsel, can you point to us exactly where in that case that appears? It is in a footnote, and it is footnote 8. Footnote 8? And footnote 8 reads, since the right of self-representation is the right that one exercise usually increases the likelihood of a trial. I'm sorry, if you could go a little more slowly and just a little louder. This is a big room, as you know, and this is important information. I apologize. Let me just find the most relevant. Essentially, since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amendable to the harmless error analysis. The right is either respected or denied. Its deprivation cannot be harmless. That is the footnote from McCaskill v. Wiggins. Beyond that, what's most important is your honors really don't need a case to tell you that this right is on the opposite side of the coin of the right to counsel, and it also is even more similar to the right to choice of counsel, which is also the law in the Supreme Court has found to be the second prong, playing around with the second prong of the rule. Effectively, when a defendant chooses to go pro se, he's exercising his right to counsel of his choice and choosing himself. Are there any exceptions at all? I mean, recognizing the language of the cases, is the judge able to, I'm assuming, I don't believe the judge gave the 401A admonishments here. Correct. He seemed to get distracted in trying to talk the defendant out of it. But what about a defendant who the court legitimately believes is not capable psychologically or has some other issues that would prevent them? So do you ignore that as well? Is it an absolute right irrespective of the circumstances of the defendant? There is a narrow exception created by the United States Supreme Court in Indiana v. Edwards. But that's for someone who has a serious mental illness. That is correct, and my position is that serious mental illness is an extremely important aspect to that holding, and it is something that that holding should not be extended beyond, because what Indiana v. Edwards is essentially doing is curtailing the fundamental constitutional right for a class of defendants on the basis that those defendants are incapable of exercising it effectively. And here there was no allegation of a raised issue of the defendant's inability to do that due to a mental health issue? Not whatsoever. There's no indication of a mental health issue. Yeah, he's 21 years old, has a GED. No reason to, if you were to disqualify this defendant, you would disqualify an awful lot of defendants. Well, the judge here, though, was looking out for this defendant's right to a fair trial, wasn't he? Possibly. And isn't that a very important right, that all defendants who go to trial have a fair trial? The right under FERETA to be free from having counsel foisted upon you unwillingly is, trumps the right to a fair trial, effectively. That's the gist of FERETA, and of all the cases where they're following. So the nature of the case would have no bearing on it. You're saying this was a murder case. Correct. Stakes are very high, obviously. So you're saying that doesn't enter into two. It really doesn't. Indiana v. Edwards, I guess if you have a borderline case under Indiana v. Edwards, where there is some sort of mental illness involved and there is a question of fitness, then perhaps in that situation the complexity and difficulty of the case would factor in. But when we're not even to the threshold of the question of Indiana v. Edwards, I don't think it does. Counsel, on another point, isn't there a case authority that says that a trial court has to indulge in every reasonable presumption against the waiver of the right to counsel? And isn't that really what the trial court did here? Certainly the trial court gave the defendant a number of chances to think about this, and certainly at one point the defendant said, well, yes, I'm not ready to go to trial myself. And it was only at that point, after three court appearances and long colloquies with the defendant, that the trial court denied his request to represent himself. Okay. There's a lot there. I'm going to start with the last point, because I do disagree with that last point. The trial judge, in fact, the trial judge did not expressly deny the request on the February 26th court date. He just kind of moved on. But the actual express denial of the request, the only time the judge actually said your request is denied, actually happened on February 18th, and that was not in response to the defendant saying he wasn't ready. It was actually in response to the defendant saying, basically failing to give the judge a good enough reason. And that goes also to the crux of the rest of your question, which is, yes, it definitely is appropriate for a judge to give admonishments beyond the bare bones of Rule 401A, to make sure that the defendant knows what he's doing, understands the ramifications, and, in fact, this is what he wants to do. Somewhere between that, those admonishments and our admonishments, there's a line, and there's probably some gray area, a point where it would be arguable one way or the other whether or not the judge has actually clarified or if he's trying to talk the defendant out of it. This case is way beyond that line. The judge in this case is never really trying to clarify the request. He is, from the very beginning, the very first thing he says to the defendant after the defendant makes the request is, this is a bad idea. And he goes on from that to lecturing the defendant about a lawyer representing himself as a fool for a client. He goes straight from that to, what is your reason for telling me that you want to represent yourself? And it continues on and on like that for the rest of that hearing, for the next hearing, and even for the third hearing, the February 26th hearing. All the time, the judge is, number one, telling the defendant this is a bad idea, and number two, demanding that the defendant give him an adequate reason to allow the defendant to proceed pro se. And the problem with this, and that's really where the problem is, is that the defendant does not need to give the judge an adequate reason to proceed pro se. It is enough that the defendant wants to do it, and as long as the defendant is aware of the ramifications of that request and persists in it, and I think that in this case, particularly with the repeated requests that the defendant makes over and over again throughout these admonishments, if it's clear that he wants to do it, it doesn't matter why. And so... Didn't the Ohio Supreme Court recognize that a trial court can or does have the ability to try and talk a defendant out of it? I'm not sure if... Well, to explain to a defendant the pitfalls, I guess it would be, of representing yourself in bias and some other cases. Yes, and that's what I mean. I mean, you can say things like you understand that I'm not going to give you special treatment, you understand you're not going to get extra time in the law library, you understand that you're not going to be able to raise your own effectiveness. Those kinds of admonishments, just clarifying what the defendant's up against is one thing, and I think you're right, that has been a proof of being biased. But you can't do this. What's your education? What's your problem with your attorney? This isn't a crankle hearing. Why is the judge having the defendant talk about why he doesn't like his attorney's strategy? Why did, in this case, the judge, who ended up being the trier of fact, though he wasn't at the time, learns that the trial attorney thought the defendant had a 99.9% chance of losing this case. How did that come up? That's way beyond do you understand what you're up against. So you're saying you think the trial court went way beyond looking out for even the fairness of the proceedings. Correct. I think, yeah, the judge's goal throughout this was get the defendant to give up this request. But, counsel, wasn't defendant's request untimely here? I mean, it was made really pretty close to the eve of trial. And wouldn't that have delayed the proceedings? And, in fact, the defendant indicated at one of the status hearings that he wasn't ready to go to trial at the time the judge asked him. So doesn't such a request to represent oneself have to be on a timely basis or made at a time that it would not disrupt the trial proceedings? The initial request was three weeks before trial. Right. There was never, all the way through, there was never a point where the defendant asked for a continuance. The defendant, ready or not, was asking to go to trial on the 27th, representing himself. The judge never found that the defendant would have delayed the proceedings, if you might so say. If the judge had properly handled the request on February 5th, the defendant could have been given his discovery on February 5th and would have had three weeks to prepare. So the judge never alluded to the request being untimely and impeding the proceedings as he could have. That's correct. Had the judge made that, then it would have been more, I think it would have been more appropriate to litigate that issue. But I think when the judge doesn't say that this is going to delay anything, and the defendant's saying, I'm going to be ready. He just kept sending it over to try and talk the defendant out of representing himself. Is that your position? That's correct. And the comment about the defendant not being ready, there's one question, one answer on February 26th. So this is the third time it was brought up. It's three weeks after the defendant had originally brought it up. It actually literally is the eve of trial now. And actually, the judge asked the question in two different ways. First, he asked him, would you be as ready as your attorney? Are you in the same position that your attorney would be in? And the defendant answers no, which is, of course, true because his attorney has had discovery all this time, and he hasn't because the judge has been denying his request. And then finally, the last one is on page 667, I believe, of the transcript, is when the judge says, well, can you pick a jury tomorrow? And the defendant says no. And what's interesting is at that point, that's it. The judge then starts talking about witnesses and setting up a room to view the statement, and the request just kind of disappears at that point. My point is that if the judge had then decided on the 5th, there would not have been a delay. And the defendant never asked for a continuance. So even if the defendant was not entirely as prepared as his attorney to pick a jury the next day, the defendant was still making the ‑‑ he was still actually asking for the opportunity to do that on the next day. So unless you guys have further questions, I would ask that you reverse the defendant's conviction and remain for a new trial. All right. Thank you very much. Thank you. All right. Mr. Taylor, you may proceed. May it please the Court, Counsel, my name is Adam Blair on behalf of the people of the State of Illinois. Defendant concedes that this issue has been forfeited. However, they argue without citing any authority that this should be reviewed as a plain error. I was not aware of McCaskill before this hearing, so I will not be commenting on that footnote. I would just like to comment that when he quoted that footnote, there's no mention that the right to proceed pro se should be reviewed under structural error. Those words were never read to the Court. Now, it is ‑‑ Well, does it have to say that? I mean, if the Court recognizes, let's say for the sake of the argument, that the denial of self‑representation constitutes structural reversible error, the fact that he didn't call your attention to it before, does that mean it's waived? He can't raise it? He can't under the plain error rule, but I'm kind of hesitant to lean towards a structural error because it is not an absolute right, contrary to what the defendant has portrayed this right. The defendant has to make this request knowingly and intelligently. Those are the two prongs. It's not absolute. The moment you make this request, the Court is not forced to grant this request immediately. It also needs to be timely. The request has also been made ambiguously and unequivocally. So I'm more leaning towards the second prong of plain error. If this Court decides that an error did occur, view the analysis under the second prong. I think we probably would. I think that's ‑‑ he didn't specifically choose it. I think his brief, as I thought about it, didn't really specify which prong he was proceeding under. I asked him, but let's assume it's going under the second prong. Under the plain error analysis, the defendant bears the burden of persuasion with respect to prejudice. They have the burden to show that this denial of this specific right led them to being prejudiced. There's nothing in the defendant's brief that states that the public defender did not represent me adequately. There's nothing. He doesn't indicate anything. The public defender didn't introduce a witness. The public defender failed to cross‑examine. What is the prejudice? Well, let's stop there. Is that part of the analysis under the case law that before the defendant is entitled to represent himself, he must show some infirmity or prejudice on the part of his current attorney? Is there any case law that says that? He has to show prejudice that his right to a fair trial was undermined. And thus far, he has not shown that. What case law says that before he's entitled to represent himself, he must show that? Do you have any cases you can call our attention to that say that? There's no case law stating that. It's implied when the defendant bears the burden of persuasion with respect to prejudice. Any type of prejudice is an alphabet. There's nothing. There's no inkling. However, it is the State's position that no error occurred. And in reaching this conclusion ‑‑ Based on what? In reaching this conclusion, we must determine what happened at the proceedings when he made this request. He first made this request 22 days before, during selection was supposed to happen. Now, the Court did not grant or deny this request, but rather he continued this case. Why? Because the defendant ‑‑ there's a history that the defendant has delayed these proceedings on multiple occasions. He's had not one, not two, not three, but four attorneys on record. It sounds like it could be a legitimate point. And, I mean, Mr. Hamill sort of tacitly acknowledged that at some point it could become an issue, the timeliness of the request. But when the trial judge himself or herself never says this request is untimely, you're going to, you know, affect the proceedings here, it doesn't even mention that how do we conclude that it was untimely? Your Honor, I'd like to point out a quote that the trial just stated on February 26, 2015. The Court said, you are far too close to the proceedings to make informed decisions. Now, in the first request he continues the case because the defendant makes reservations about his counsel. Now, is that an abuse of discretion? No. I point to People v. Bates. It's a case cited in the People's Brief. The defendant argued in that case that after it made its request to proceed pro se that the Court was required to grant its request immediately. In that case, the trial court asked the defendant to meet with his attorney and talk about his concerns before coming back with a request. The Supreme Court held that the trial court did not abuse its discretion requiring this, especially considering that there is a reasonable presumption against defense's desire to waive counsel. So that's what happens. He goes back and talks with his attorney and makes that request again on February 18, 2015, nine days before trial. Again, it is the State's position that it is entirely. This individual is 21. He has indicated he has a GED. He hasn't gone through the entire file. He doesn't know what it means to conduct discovery. He doesn't even know how to do jury selection. When asked, do you know how to preserve the record, the defendant says, probably. That doesn't matter. I mean, if he can voluntarily and intelligently waive his right to counsel, it doesn't matter whether he's the worst attorney you've ever seen on the face of the earth. You're right. It doesn't matter. But it does matter in the analysis of timeliness. And specifically with respect to timeliness, though, doesn't the case law say timeliness really means on the very eve of trial, perhaps the day before it starts, or in the middle of trial, or after meaningful proceedings have taken place? So how would this fit into those requirements? Where have there been any or when were there any meaningful proceedings? It would fit in in his request on February 26th. However, on February 18th, he acquiesces to the public defender. The trial judge is asking questions because he needs to know, has this been made knowingly and intelligently? After a request has been made, a trial judge doesn't know if a defendant has made this knowingly and intelligently. So that's the purpose of questioning the defendant. But also you have 401A. You can see that those admonishments never were actually given by the trial judge. According to People v. Stoops, it's cited in the defendant's brief, Rule 401A governs a trial court's acceptance of a defendant's counsel waiver. It doesn't apply in circumstances where the defendant does not go pro se. It's specifically- Well, he didn't go pro se because the judge wouldn't let him go. Exactly. However, if it's accepted, you need to make those admonishments. Furthermore, strict compliance with Rule 401A is not always required. Substantial compliance will suffice if the waiver was knowingly and voluntarily made. I don't want to interrupt, but we segwayed into a different issue. The question I'd like to bring down is, did the trial judge ever, in the course of this colloquy going over in several court dates, say, I'm denying your request because I find it is untimely? He alludes to a- I'm going to impede the proceedings. Does he ever make that finding specifically? Not explicitly, but he does deny on February 26th, and it's implied when he says you are far too close to the proceedings. It's implied when he makes a statement. You, defendant, are far too close to the proceedings. But he didn't say that on the day of the first request. He sort of just continued it on for the defendant to reflect on it. This is correct. And on February 18th, he doesn't deny. There's a strong implication that the defendant acquiesces. The court asks, towards the end of the questioning, so do you think it would be a good idea to try to represent yourself just because you don't like what she's telling you? The defendant says no. And great, it's not a good idea. Then, and this is on page 657 on the record, it starts. Then he says, he forms this as a question. So we're going forward with Ms. Scotch, the public defender. And if there's something that comes up, you'll bring it to my attention. But right away, right? The defendant says yes. That right away, it's an equivocal response that interprets that you are acquiescing to the public defender. Furthermore, this implication is further strengthened by the follow-up question that the trial court asks. Do you want me to give you a date later next week before we start trial? The defendant says yes. At no point does he say, Judge, I agree with you. I don't have a very good reason. He doesn't state unequivocally, you're right, I don't have a good reason, but I still would like to proceed per se. He says yes when he says, so we're going forward with the public defender. And if something comes up, you'll bring it to my attention. The defendant says yes. It's more of an acquiescence. Then when he comes back on February 26th, the day before, he makes the last and final request. It's way too untimely. It's essentially the eve of trial the day before. Let me ask you this. If the judge is concerned about the defendant's ability to represent himself, could the judge have allowed the defendant to represent himself and appointed standby counsel to assist him? That's a plausibility, but that's not part of the analysis. Did he abuse his discretion? The answer is could the trial – the question isn't, could the trial court provide the perfect solution,  No. The standard is, is this an abuse of discretion? And after you look at each of the three different requests, it's not – continuing the case is not an abuse of discretion. Given the issues in this case, what would you like us to hold? What do you think the holding should be in this case? The holding should be that the trial judge did not abuse its discretion. After reviewing the three hearings, there was no error. The trial judge did not abuse discretion because why? Case law, the Illinois Supreme Court has stated that it's not an abuse of discretion to continue the case so the defendant could address his concern with his attorney. Well, that may be true, but what about the denial of self-representation? Oh, it's untimely. That's the ultimate issue here. It's untimely. So the holding is you could just string a defendant along for a couple months and then when it gets close enough to trial, you can say it's untimely. That's the risk the defendant took when he made his request 202 days. Let me ask you this, though. There were three different requests. Are you arguing at all that they were unambiguous or they were ambiguous? The second one was, February 18th. Really? It was unequivocal. It happens? Okay. All three of them, the defendant said, I want to represent myself. I want to go pro se. Are all three of those unambiguous? The first and the second were not ambiguous, but the trial court had and the law supporting him to continue the case and to deny it. The first request, the court was well within its discretion to continue it, and the last request was one day before trial. The second request was equivocal. But you'll agree there were no, quote, meaningful proceedings that had taken place prior to this? A hearing had been conducted, a trial date had been set. Right, but it isn't the definition of meaningful proceedings that we've read in the case law, is it? A motion to suppress, for example? No. No. No motions have been made. And barring any further questions, the people respectfully request that this honorable court uphold the defendant's conviction and sentence. Thank you. Thank you very much, Mr. Carroll. Thanks. Mr. Carroll, you may address the court at your button. Thank you, Your Honor. First of all, I would point out that the State's brief does not argue that the request was too close to the trial date. That's not there at all. So the State didn't argue in its brief. I really don't think, and it wasn't. It was three weeks out, and the defendant, if the defendant had been given his discovery three weeks out, the defendant never said that he needed extra time. Not even on the 26th when he said he probably wasn't prepared to pick a jury the next day. He still wasn't asking for more time. There was also no argument in the State's brief that the defendant's requests, any of the defendant's requests, were equivocal. And specifically, I would just point out the second request is actually defense counsel on page 652 who says, Judge, I met with Mr. Alvia yesterday and went over some additional documents with him. As he requested the last time we were in court, he's still requesting that the court allow him to represent himself. Is that correct, Mr. Alvia? And the defendant says, yes. They're not equivocal. And that's why it's probably why the judge didn't find it revocable and why the State didn't argue in the brief. On the complaint error issue, and I think Your Honor's touched on it, how do you measure prejudice in this situation? Well, does the defendant even have to show prejudice? Is that part of the analysis of the denial of self-representation? We look back and say, how did the defendant show that he was prejudiced by being denied the right to represent himself? Is that part of the analysis? It really isn't. And how could it be? How could you measure the prejudice here? If he was defending himself, this would be an entirely different trial from beginning to end. You know, all these, you know, all those strategic decisions that, you know, that we always, you know, It's sort of a creative argument to try and inject it into the analysis. So, you know, and actually that's, you know, it's true the denial of the right to counsel and it's true the denial of the right to choice of counsel as well. And that's why this is, this right is in the same position as those two, is that you couldn't, you couldn't measure prejudice if you tried in this case. So it's impossible to say that the defendant was or was not prejudiced. And that's, you know, the other reason why this should be under the second problem of play and error rule. And I would just, one last point, and I think it's a minor point, but counsel quoted the judge a couple of times saying that the judge told the defendant he was far too close to proceedings to make these decisions. What the judge was referring to was the defendant was far too involved in the proceedings to make the decision, not that it was time, you know, untimely. His request was too close to the trial date. And that's, unless Your Honor has further questions, that's all I have. I would ask that Your Honor's reverse. What about his argument that the defendant acquiesced to these, the first two, and then by the time we get to the third one, it's too late? I, looking at the transcript, these transcripts as a whole, I don't think that that's what's reflected in the transcripts. You have, yeah, eventually the judge is saying, oh, yeah, you're going to give me this date, and is that okay? And the defendant is saying, okay. But after seven pages of, I'm not going to grant this request unless you tell me something I like, and I don't think you should do this, and what was he supposed to say? I guess he's really regretting it. I mean, the defendant would say, I object. At that point, he's already made the request three or four times during the hearing. So I don't think, I don't think it's an accurate read of the transcripts to say that the defendant acquiesced to the judge. It was not in a meaningful fashion, other than he basically gave up resisting the judge at that point. But that's what we want to reverse this request, which, you know, amounts to a new trial. Thank you, Your Honor. I would like to thank both counsel for the quality of their arguments here this morning. The matter will, of course, be taken under advisement, and a written decision will issue in due course. We stand in adjournment for the day subject to call. Thank you.